J-S33013-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILBERT GAY JR. | : | |
| | : | |
| Appellant | : | No. 1319 EDA 2022 |

Appeal from the PCRA Order Entered April 29, 2022,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0804412-1976.

BEFORE: KUNSELMAN, J., KING, J., and SULLIVAN, J.

MEMORANDUM BY KUNSELMAN, J.:        **FILED OCTOBER 24, 2022**

Wilbert Gay, Jr. appeals *pro se* from the order denying his ninth untimely-filed petition pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-46. We affirm.

This Court previously summarized the pertinent facts and protracted procedural history as follows:

> In 1978, at the conclusion of [Gay's] bench trial, the trial court convicted him of murder of the first degree, and related charges. The charges arose from his July 2, 1976 murder of a male victim underneath the Walt Whitman Bridge in Philadelphia. The court sentenced [Gay] to life in prison. On January 27, 1981, the Pennsylvania Supreme Court affirmed [Gay's] judgment of sentence. (**See Commonwealth v. Gay**, 424 A.2d 495 (Pa. 1981)).
>
> On December 15, 1982, [Gay] filed his first petition for post-conviction relief *pro se*. The court appointed counsel who, after "an exhaustive review" of the record in [Gay's] case, informed the court that his issues did not merit relief.

(***Commonwealth v. Gay***, No. 1675 PHL 1984, unpublished memorandum at *2 (Pa. Super. filed Mar. 15, 1985)). The court dismissed the petition on May 9, 1984. [Gay] appealed to this Court, which affirmed the court's order, and granted counsel's petition to withdraw pursuant to [***Anders v. California***, 386 U.S. 738 (1967)]. (***See id.*** at *3).

Thereafter, [Gay] filed a series of *pro se* PCRA petitions between December 30, 1986, and February 13, 2012, the last of which was denied on June 25, 2012. A panel of this Court affirmed the PCRA court's decision on December 19, 2012. (***See Commonwealth v. Gay***, 64 A.2d 27 (Pa. Super. 2012) (unpublished memorandum).

***Commonwealth v. Gay***, 151 A.3d 1142 (Pa. Super. 2016), non-precedential decision at 1-2 (footnote omitted).

Gay filed his eighth *pro se* PCRA petition on June 21, 2013, and an amended petition on April 13, 2015, which the PCRA court dismissed as untimely filed, and we affirmed. ***Gay***, ***supra***.

On April 12, 2021, Gay filed the *pro se* PCRA petition at issue, his ninth. On May 3, 2022, the PCRA court issued a Rule 907 notice of its intent to dismiss Gay's serial petition as untimely filed. Gay did not file a response. By order entered April 29, 2022, the PCRA court denied the petition. This timely appeal followed. The PCRA court did not require Pa.R.A.P. 1925 compliance.

Gay now raises the following three issues, which we cite verbatim:

> Whether the PCRA court erred when it dismissed [Gay's] PCRA/Mandamus petition as untimely under 42 Pa. C.S.A. § 9545(b)(1)(i)-(iii), when there is not time limitation on a claim of fraud upon the court.
>
> Whether the court of common pleas and the PCRA court has allowed their records to be tainted by the continuation of fraud upon the court by the prosecution (1) misrepresenting a convicted felon as an officer of law,

and prosecuting a case for first degree murder with no witnesses or evidence. And never acquiring subject matter jurisdiction.

Whether the Commonwealth's prosecuting attorney impeded justice and committed fraud upon the court?

Gay's Brief at 4 (excess capitalization and emphasis omitted).

Using the applicable standard of review, we must determine whether the ruling of the PCRA court is supported by the record and is free of legal error. *Commonwealth v. Blakeney*, 108 A.3d 739, 749-50 (Pa. 2014) (citations omitted). We apply a *de novo* standard of review to the PCRA court's legal conclusions. *Id.*

In addressing his first issue, we consider the PCRA court's conclusion that Gay's ninth PCRA petition was untimely filed, and that he failed to establish a time-bar exception. The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met.

The three narrow statutory exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." *Commonwealth v. Brandon*, 51 A.3d 231, 233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)). In addition, exceptions to the PCRA's

time bar must be pled in the petition and may not be raised for the first time on appeal. ***Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007); ***see also*** Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal). Moreover, a PCRA petitioner must file his petition "within one year of date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Finally, if a PCRA petition is untimely and the petitioner has not pled and proven an exception "neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." ***Commonwealth v. Derrickson***, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted).

When denying Gay's eighth PCRA petition, this Court concluded that Gay's "judgment of sentence became final on March 30, 1981, when his time to file a petition for writ of *certiorari* with the United States Supreme Court expired." ***Gay***, non-precedential decision at 5 (citing former U.S.Sup.Ct.R. 20.1). Because Gay filed his ninth PCRA petition over four decades later, it is patently untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. ***See Hernandez***, ***supra***.

After review, we concur with the PCRA court's conclusion that Gay failed to plead and prove a time-bar exception. Within his brief, Gay asserts that he has established the governmental interference exception because the prosecution committed a violation of ***Brady v. Maryland***, 373 U.S. 83 (1963); according to Gay, at his trial "you [had] the prosecuting attorney for the

[C]ommonwealth calling a convicted felon, to the witness stand and masquerading him before the court, and swore him in as a detective." Gay's Brief at 13.[1] This claim is meritless.

Although a *Brady* violation might fall within the governmental interference exception to the PCRA's time bar, the statute nevertheless requires a petitioner to plead and prove: (1) the failure to previously raise the claim was the result of interference by government officials, and (2) the information on which he relies could not have been obtained earlier with the exercise of due diligence. *Commonwealth v. Williams*, 105 A.3d 1234 (Pa. Super. 2014).

Gay cannot establish due diligence. In essence, Gay bases his *Brady* violation claim on his allegation that, at his 1978 trial, the prosecutor called Detective William Jones to testify even though she knew that he was a convicted felon. This claim has been repeatedly raised and rejected in previous PCRA petitions filed by Gay. Indeed, as this Court explained in denying his 2008 petition:

> Assuming that Detective Jones was, in fact, already convicted at the time of [Gay's] trial, that information was available to [Gay] and his attorney. [Gay] fails to offer a reasonable explanation why this information, with the exercise of due diligence, could not have been obtained earlier. "There is no *Brady* violation where the allegedly

---

[1] In his petition, Gay also asserted the applicability of the newly-recognized constitutional right based upon our Supreme Court's recent decision in *Commonwealth v. Small*, 238 A.3d 1267 (Pa. 2020). He has abandoned this claim on appeal as it is not mentioned in his brief.

withheld records were equally available to the prosecution and the defense." [*Commonwealth v. Palmer*, 814 A. 2d 700, 709 (Pa. Super. 2002) (citation omitted)]. "The Commonwealth does not violate the *Brady* rule when it fails to turn over evidence readily obtainable by, and known to, the defendant." [*Id.*].

*Commonwealth v. Gay*, 974 A.2d 1181 (Pa. Super. 2009), non-precedential decision at 9.

Moreover, when denying Gay's eighth PCRA petition, this Court noted that, in addition to the appeal cited above, this Court had previously rejected Gay's attempt to establish a *Brady* claim as a time-bar exception in his 2012 petition. *See Gay*, 151 A.2d 1142 (Pa. Super. 2016), non-precedential decision at 6, n.7. We further found that Gay "himself conceded that he raised the underlying *Brady* claim as far back as his first post-conviction petition in 1982. *Id.* at 7. Notably, Gay has made the same concession again. *See* Gay's Amended PCRA Petition, 9/28/21, at 5. Thus, the PCRA court and this Court have already rejected Gay's attempt to establish the government interference exception.[2] His latest attempt likewise fails.

In sum, the PCRA court correctly determined that Gay's ninth PCRA petition was untimely filed, and he did not plead or prove an exception to the PCRA's time bar. As such, we lack jurisdiction to address the merits of his

---

[2] To the extent that Gay asserts "there is no time limitation on claim of fraud upon the court," and that the trial court lacked subject matter jurisdiction. *See infra* at 3. This claim has no merit. We note that "[t]he PCRA confers no authority upon this Court to fashion ad hoc equitable exceptions" to the PCRA's time bar. *Commonwealth v. Medina*, 92 A.3d 1210, 1215 (Pa. Super. 2014).

second and third issues.  *Derrickson*, *supra*.  We therefore affirm the PCRA court's order denying Gay post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/24/2022